IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:                                             Case No. **07-04109-lmj7**

**Guy R. Pignotti,**                                          [UNPUBLISHED]
**Rhonda S. Pignotti,**

   Debtors

### MEMORANDUM OF DECISION
(date entered on docket: April 1, 2011)

  The United States Trustee for Region 12 ("U.S. Trustee") filed a motion to dismiss this Chapter 7 case pursuant to 11 U.S.C. section 707(b)(1). That section permits a court to dismiss a Chapter 7 case brought by an individual debtor with primarily consumer debts if the court finds that allowing the case to proceed as a liquidation case would be an abuse of the provisions governing Chapter 7. Relying on subparagraph (A) of section 707(b)(2), the U.S. Trustee contends a presumption of abuse arises because Debtor Guy R. Pignotti ("Debtor") and Joint Debtor Rhonda S. Pignotti ("Joint Debtor") (collectively, "Debtors") do not pass the statutory means-test. Debtors do not dispute that the presumption arises but, relying on subparagraph (B) of section 707(b)(2), they contend that extraordinary transportation expenses resulting from Debtors' relocation from eastern Nebraska to western Iowa amount to special circumstances that rebut the presumption. If Debtors rebut the presumption, the U.S. Trustee would then assert that Debtors filed their Chapter 7 case in bad faith or the totality of the circumstances of the Debtors' financial circumstances demonstrates abuse under section 707(b)(3). Having reviewed the record and having considered the arguments of the parties, the Court enters its decision in favor of the U.S. Trustee.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1134 and the standing order of reference entered by the United States District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. section 157(b)(2)(A) and (O).

## BACKGROUND

On November 30, 2007 Debtors filed a voluntary Chapter 7 bankruptcy petition along with an Official Form 22A (Chapter 7 Statement of Current Monthly Income and Means-Test Calculation) ("Form 22A"). Based on the calculations required by Form 22A, Debtors checked the box indicating "[t]he presumption arises." (Docket No. 4.) However, on Line 56 of Form 22A (Other Expenses), Debtors listed "unreimbursed transportation expenses" of $1,010.00 and provided a detailed explanation of the alleged special circumstances that made their additional transportation expenses necessary and reasonable. Id.

At the time of filing Debtors had lived and worked in eastern Nebraska for approximately twenty years. Debtor had been employed full-time as a corrections officer for the Douglas County Work Release Program in Omaha, Nebraska for about six years. Joint Debtor had been employed full-time as an insurance sales representative with Blue Cross and Blue Shield of Nebraska for approximately 18 years. In 2005 Debtors decided they needed a larger home to accommodate the needs of their two adult children, two minor children and one minor grandchild residing in their household.

On July 1, 2005 Debtors purchased real property locally known as 29068 Keys Avenue, Malvern, Iowa 51551 ("29068 Keys Avenue") and located on approximately

seven acres of land in western Iowa.[1] Debtor testified that the family did not physically reside at that location until March 2006—after various repairs and upgrades to the property were done. The relocation increased Debtors' respective employment commutes substantially. Debtor testified that his commute to work in Omaha increased by 748 miles per month, and Joint Debtor testified that her commute increased by approximately 1,276 miles per month.[2] The extreme increase in mileage affected Debtors' monthly transportation expenses accordingly. Neither Debtor receives any assistance with travel expenses from their respective employers.

## APPLICABLE STATUTORY PROVISIONS

11 U.S.C. section 707(b)(1) provides in relevant part that:

After notice and a hearing, the court,…on a motion by the United States trustee,…may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts,[3] or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1).

11 U.S.C. section 707(b)(2)(A), the "means-test" calculation, provides in part that:

(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of-
    (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or

---

[1] 29068 Keys Avenue is located in Mills County Iowa. The Mills County Property Assessor's website indicates that the property was purchased on July 1, 2005 for $125,000.00. The property consists of 6.94 gross acres.
[2] When Debtors lived in Nebraska, Debtor's commute was approximately 15 miles one-way or 660 miles monthly based on a 22-day work week. Joint Debtor's prior commute to the regional home office of Blue Cross and Blue Shield of Nebraska was approximately six miles one-way or 264 miles monthly. Parenthetically, the Court observes that Joint Debtor's actual monthly commute fluctuates because she travels to various counties in Nebraska to meet with potential insurance clients on a weekly basis. At the time of the August 6, 2008 hearing, she had recently picked up an additional sales location in Colfax, Iowa, which is approximately 150 miles away from 29068 Keys Avenue.
[3] The parties do not dispute that Debtors' debts are primarily consumer debts.

>              (II) $10,950.
>         reasonable and necessary.

11 U.S.C. § 707(b)(2)(A).

11 U.S.C. section 707(b)(2)(B), the "special circumstances" rebuttal, provides that:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment to income and to provide—
>       (I) documentation for such expense or adjustment to income; and
>       (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.
> (iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of
>       (I) 25 percent of the debtor's nonpriority unsecured claims, or $6,575, whichever is greater; or
>       (II) $10,950.

11 U.S.C. § 707(b)(2)(B).

As an alternative to the means-test calculation, 11 U.S.C. section 707(b)(3) provides that:

> (3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—
>       (A) whether the debtor filed the petition in bad faith; or
>       (B) the totality of the circumstances…of the debtor's financial situation demonstrates abuse.

11 USCS § 707(b)(3).

## DISCUSSION

I.  11 U.S.C. section 707(b)(2)

On their Form 22A, Debtors reported they had $627.44 monthly disposable income as a result of subtracting $9,473.14 in all allowed deductions from their $10,100.58 current monthly income. When multiplied by 60, that monthly disposable income figure becomes $37,646.40—a figure that exceeds the applicable means-test benchmark of $10,950.00. Accordingly, under section 707(b)(2)(A), a granting of relief in this case is presumed to be an abuse of the provisions of Chapter 7.[4]

In an attempt to rebut the presumption of abuse and to comply with the procedural requirements set forth in clauses (ii), (iii), and (iv) of section 707(b)(2)(B), Debtors attached a "Declaration of Debtors Regarding Special Circumstances Adjustments to Income" to their Form 22A. In that document, they swore under penalty of perjury that:

> I [Debtor] drive 100 miles roundtrip to work each day. My wife [Joint Debtor] drives approximately 6,000 miles per month for her job. The IRS Standard Allowance for Transportation is $358.00 per month. As you can see from Schedule J, our actual monthly transportation expenses, including auto insurance, are 1,376.97 [sic]. In addition, our auto insurance premiums will be increasing since our son was recently added to our policy.
>
> Our 'Total Income Deductions' make it appear that we have a much greater ability to pay our creditors than we actually do. We believe our special circumstances regarding transportation expenses justify an adjustment to our Total Income Deductions, increasing the deductions by $1,018.97. After increasing our deductions, we do not have any disposable income.

(Docket No. 4.)[5] Given that their monthly disposable income under the means-test was $627.44, Debtors correctly concluded that they would not have any disposable income if

---

[4] Given the posture of this case, the Court finds no reason to address the U.S. Trustee's concerns about the household size the debtors claimed or the 401(k) loan deduction they used in completing Form 22A.

[5] Debtors later included a statement in their objection to the U.S. Trustee's motion to dismiss indicating that there was an error in the sworn declaration, that Joint Debtor actually drives approximately $3,000.00 miles per month and that Debtors' transportation expenses are actually $167.00 higher than the figure set forth in the sworn declaration. Joint Debtor also testified that the actual transportation expenses were higher than that stated in the declaration. Parenthetically, the Court observes that it need not consider additional transportation expenses above that set forth in the declaration because Debtors' disposable

they were permitted to increase their total deductions by $1,010.00. The sworn declaration disposes of the procedural requirement in clause (iv) of 11 U.S.C. section 707(b)(2)(B).

At the evidentiary hearing on this contested matter, Debtors offered and the Court received exhibits documenting Debtors' additional transportation expenses. The information contained in the exhibits was consistent with the representations Debtors made in their sworn declaration. As required by clause (iii), both Debtors testified under oath as to the accuracy of the exhibits. Therefore, the exhibits dispose of the procedural requirement in subclause (I) of clause (ii).

As required by clause (iii), Debtors explained in detail the special circumstances that they believe make the $1,010.00 increase in their total deductions necessary and reasonable and thereby disposed of the procedural requirement in subclause (II) of clause (ii). With respect to the reason for the increased transportation expenses, Debtors each acknowledged that they voluntarily moved to 29068 Keys Avenue despite knowing that relocation would increase their transportation expenses.

Between their declaration and their testimony, Debtors have satisfied the procedural requirements of clauses (ii), (iii), and (iv). Nevertheless, clause (i) of section 707(b)(2)(B) requires a debtor to demonstrate special circumstances that justify "additional expenses" or "adjustments of current monthly income"[6] for which there is no reasonable alternative. Debtors have not shown that they were precluded from either staying at their previous home or moving to a residence closer to their respective places of employment. Instead, it appears that Debtors created the circumstances that led to

---

income is negative based on that figure alone. The same is true for the negligible amount expended for car insurance.

[6] This is not a case in which special circumstances have impacted Debtors' current monthly income

their additional transportation expenses. Therefore, based on the record before the Court, Debtors have not carried their burden in rebutting the presumption of abuse that arises in this case.

II. 11 U.S.C. section 707(b)(3)

Though Debtors have failed to rebut the presumption of abuse, the Court alternatively finds that dismissal of this case would also be appropriate under 11 U.S.C. section 707(b)(3)(B) because the totality of the circumstances of Debtors' financial situation demonstrates an abuse of the provisions of Chapter 7.[7]

When considering the totality of the circumstances under 11 U.S.C. section 707(b)(3)(B), "a court should consider primarily, if not exclusively, the Debtors' ability to pay." In re Honkomp, 416 B.R. 647, 69 (Bankr. N.D. Iowa 2009) (citing In re Booker, 339 B.R. 662, 667 (Bankr. W.D. Mo. 2009)). Further, in examining the totality of the circumstances, a court may consider the debtor's actual and anticipated financial situation over the applicable Chapter 13 commitment period. Morse v. Rudler (In re Rudler), 576 F.3d 37, 51 (1st Cir. 2009); In re Chapman, 431 B.R. 216, 220 (Bankr. D. Minn. 2010) ("the 'totality of the circumstances' option….is usually advanced by an analysis centered on ability to fund a hypothetical Chapter 13 plan, á la the prevailing construction of the 'substantial abuse' provisions of pre-BAPCPA 11 U.S.C. section 707(b)" (citations omitted)).

Debtors' schedules reflect actual monthly income of $6,577.16 and actual monthly expenses of $6,909.08, resulting in a negative net monthly income figure of $331.92. However, Debtor's actual monthly expenses appear to be unreasonable given

---

[7] Though the U.S. Trustee included an 11 U.S.C. section 707(b)(3)(A) "bad faith" basis for dismissal in his motion, he did not appear to pursue that specific argument at the conclusion of the evidence.

their household situation. For example, Joint Debtor testified that neither of the adult children living in the home contributes to Debtors' household expenses. Rather, Debtors appear to be providing free room and board to these individuals and that causes an increase in Debtors' monthly expenses. Joint Debtor indicated that the oldest child was making approximately $24,000.00 annually working full-time for the Nebraska Humane Society. The second oldest child was making slightly over minimum wage working part-time at an assisted living facility for handicapped adults. Requiring these adult children to contribute to their own food, clothing and personal care expenses would allow Debtors to reduce their monthly expenses and thereby increase their monthly disposable income. Debtors could also require the adult children to contribute to Debtors' mortgage related expenses while residing in Debtors' home.

Additionally this Court observes that Debtors appeared to be financially sophisticated. They are not strangers to the bankruptcy process. That is, Debtors filed for Chapter 13 bankruptcy relief in the U.S. Bankruptcy Court for the District of Nebraska in 1994 (Case Number 94-80704-TJM). They successfully completed payments under their 60-month plan and received a discharge on August 13, 1999. Hence, it should not be overlooked that Debtors' substantial improvements to 29068 Keys Avenue increased the secured debt against that property by approximately $70,000.00 and, in turn, increased Debtors' mortgage expenses. Allowing a debtor, who is familiar with the bankruptcy process and who voluntarily incurs a relatively large amount of secured debt prior to filing for Chapter 7 relief, to remain in Chapter 7 can be viewed as constituting an abuse of the provisions of that chapter in certain cases. This would be one of those cases.

CONCLUSION

WHEREFORE, the Court finds that Debtors have not rebutted the 11 U.S.C. section 707(b)(2)(A) presumption of abuse and, therefore, the U.S. Trustee's 11 U.S.C. section 707(b)(1) motion to dismiss must be granted.

A separate Order shall be entered accordingly.

/s/ Lee M. Jackwig
Lee M. Jackwig
U.S. Bankruptcy Judge

Parties receiving this Order from the Clerk of Court:
Electronic Filers in this Chapter 7 Case